## PEOPLE'S BANK v. MEARS *et al.*

In view of Comp. Laws, § 1639, providing that a tax deed shall be conclusive evidence of the truth of all the facts therein recited, and *prima facie* evidence of the regularity of all the proceedings; and Laws 1891, chap. 14, § 121, providing that said tax deed shall vest in the grantee an absolute estate in fee simple in such land—on an appeal in an action to quiet title the validity of tax deeds establishing plaintiff's title will not be reviewed where the only assignment in appellant's brief was that "the tax deeds offered were void on their face," and that "the tax list of 1890 effectually disposes of the tax deed."

(Opinion filed June 12, 1901.)

Appeal from circuit court, Edmunds county. HON. LORING E. GAFFY, Judge.

Action by the People's Bank against E. Ashley Mears and others to quiet title to certain realty. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*S. H. Cranmer,* for appellant.

*H. H. Potter,* for respondent.

FULLER, P. J.   Judgment quieting in plaintiff the title to certain real property was entered in this action between rival claimants, and the defendant E. Ashley Mears appeals.   In support of its claim of fee-simple ownership, respondent put in evidence two tax deeds, each regular on its face, and sufficient to convey the lands to the respective grantees named therein, through whom respondent derevied title, as shown by two valid quitclaim deeds offered and received in evidence.   As appellant relied wholly on a transcribed judgment, which had, long before the commencement of this action, ceased to be a lien on real property, he now claims no interest in any of the land described in the complaint.   The mere statement that "the tax deeds offered are each void on their face," and that "the

tax list for 1890 effectually disposes of the tax deed to Darlington," is not sufficient to justify extended research concerning points not otherwise mentioned in appellant's brief. The law is that "such deed shall be conclusive evidence of the truth of all the facts therein recited, and prima facie evidence of the regularity of all the proceedings from the valuation of the land by the assessor up to the execution of the deed." and "said deed shall vest in the grantee an absolute estate in fee simple in such land, subject, however, to all claims which the state may have therein for taxes or liens or incumbrances." Comp. Laws, § 1639; Section 121, Chap. 14, Laws 1891. As our attention is directed to no particular irregularity in the tax proceedings, or defects in the deeds upon which respondent relies, and no error is in any manner pointed out or discoverable, the judgment appealed from is affirmed.